# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **PRIMUS GROUP, LLC** | : | |
| **40 E. LONG STREET** | : | |
| **COLUMBUS, OHIO 43215** | : | CASE NO. _____ |
| | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **SMITH & WESSON CORP.** | : | |
| c/o **REGISTERED AGENT SOLUTIONS,** | : | JUDGE _____ |
| **INC.** | : | |
| **4568 MAYFIELD RD. SUITE 204** | : | |
| **CLEVELAND OH 44121** | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **BUSHMASTER FIREARMS** | : | |
| **INTERNATIONAL** | : | |
| **P.O. BOX 556** | : | |
| **MADISON, NC 27025** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **SIG SAUER, INC.** | : | |
| c/o **COGENCY GLOBAL INC.** | : | |
| **3958-D BROWN PARK DRIVE** | : | |
| **HILLIARD OH 43026** | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **DPMS FIREARMS** | : | |
| **1816 REMINGTON CIRCLE SW** | : | |
| **HUNTSVILLE, AL 35824** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **STURM, RUGER & CO., INC.** | : | |
| **271 CARDWELL RD.** | : | |
| **MAYODAN, NC 27027** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **REMINGTON ARMS COMPANY, LLC** | : | |
| c/o **CT CORPORATION SYSTEM** | : | |

| | |
|---|---|
| **4400 EASTON COMMONS WAY** | : |
| **SUITE 125** | : |
| **COLUMBUS OH 43219** | : |
| | : |
| | : |
| **AND** | : |
| | : |
| **COLT'S MANUFACTURING** | : |
| **COMPANY, LLC** | : |
| **545 NEW PARK AVE.** | : |
| **WEST HARTFORD, CT 06110 USA** | : |
| | : |
| **AND** | : |
| | : |
| **ARMALITE** | : |
| **525 E. PINNACLE PEAK RD STE 100,** | : |
| **PHOENIX, ARIZONA 85024** | : |
| | : |
| | : |
| **DEFENDANTS.** | : |

**EMERGENCY APPLICATION FOR AN IMMEDIATE TEMPORARY WRIT ENJOINING THE DISTRIBUTION AND SALE OF ASSAULT WEAPONS, AND FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

**INTRODUCTION**

The authority of the United States District Court for the Southern District of Ohio is hereby respectfully invoked to immediately temporarily enjoin the distribution and sale of assault weapons ,other than to military or law enforcement establishments by reason of the clear and present danger these weapons pose to domestic tranquility and the life, liberty and happiness of every American. The equitable powers of the federal judicial branch are being invoked due to the grave omnipresent threat of massive carnage posed by the continued supply by Defendants of combat style semi automatic weapons to persons with behavioral/disabilities or intention to commit domestic terrorist and hate-motivated acts upon innocent civilians.

In current contemporary domestic circumstances, gun violence has been and is occurring throughout the United States with alarming frequency. This gun violence not only poses an imminent threat of irreparable harm to American society, it poses an inevitable threat. What

occurred in El Paso, Dayton, and Brooklyn recently, is going to happen again unless the Government takes immediate action. Massive shootings facilitated by assault rifles and law enforcement sized magazines and ammunition with instantaneous destructive power that is being directed with constant frequency upon crowds of people within seconds at schools, churches, shopping centers or at entertainment venues, such as that operated by Plaintiff. These weapons and the rounds they fire are designed to produce entry level wounds the size of a coin ,but exit wounds like hand grenades or cannons. Accordingly, cause is brought to this Court on behalf of all citizens, persons and inhabitants of the United States of America who seek a Declaration of the existence of a "clear and present danger" to the lives of all people living in the United States because of the persistent killing and wounding of countless persons, most recently in Texas and the Southern District of Ohio, with the use of assault weapons .One should not be able to merely walk up to a sales counter and purchase a weapon designed for the sole purpose of inflicting human casualties quickly and efficiently.

This cause seeks immediate temporary judicial intervention to abate the constant flow of these weapons into the public domain and their availability to persons who desire to kill, violate the civil rights of others and engage in both hate-filled and domestic terrorism.

The relief requested under the All Writs Act is required because other judicial tools are unavailable to address this ongoing threat, that all agree is going to occur again.

The prevalence and frequency of these massive killings on innocents, including infants and small children, is such that a court may take judicial notice of the threat, its gravity and imminence. Accordingly, a federal Court may issue the Writ requested here consistently and agreeable to accepted usages and principles of law.

      I.      **JURISDICTION AND VENUE**

1. Jurisdiction is founded upon the provisions of 28 U.S.C. §§1331 and 1343 in that this action arises under federal law, and involves a conspiracy to violate rights secured by the United States Constitution and 18, U.S.C. §1964. Jurisdiction is also based upon 28 U.S.C. §1651, The All Writs Act.

2. Venue is properly laid in the Southern District for the reason the events described herein below touch and concern the Southern District of Ohio.

3. All parties defendant are subject to the personal jurisdiction of this court under Fed. R. Civ. P. Rule 4(e) under the nationwide service of process provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. § 1962. The Southern District of Ohio is the most convenient venue. The conduct threatening plaintiff and continuing to threaten it and the class represented by Plaintiff occurred in the Southern District of Ohio. The individual Defendants reside throughout the United States. The acts complained of took place in the Southern District of Ohio. It is in the interests of justice that the individual defendants be made party to an action in this district under 18 U.S.C.A. § 1965(b).

## II. PARTIES

4. Plaintiff, Primus, LLC is an Ohio limited liability company that operates as an entertainment venue in the central business district of Columbus, Ohio.

5. The corporate Defendants or parties similarly situated which can be identified specifically following limited jurisdictional discovery. All Defendants are manufacturers of weapons referred to as assault weapons. The list of weapons the Defendants manufacture and are the subjects of this Complaint are listed at Exhibit A.

6. The incidents which give rise to this request are so horrific, frequent and likely to recur at any instance, as stated three having occurred just recently in Brooklyn, New York, El

Paso, Texas, and Dayton, Ohio in just the past seven days that judicial notice may be taken that unless immediate measures are undertaken to interdict the availability of these instruments specifically designed to kill people and prevent their sale more death and carnage will occur. Subsequent to the immediate enjoining of distribution and sale, measure may be taken to recall those assault weapons already in the hands of the public. This application is a request for drastic and immediate judicial action by reason of the extremely critical and exigent circumstances currently facing the nation that has led the marketing of bullet proof back packs for children and causes citizens to hesitate before even leaving their homes. An immediate temporary order is an unfortunate but necessary step to address the grave threat to public safety and terroristic climate caused by mass shootings with assault rifles.

### III.  CLASS ALLEGATIONS

7. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a class ("Class"). The Class Period commenced on August 2, 2019.

8. Plaintiff brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> All persons entitled to freely attend schools, shopping locations, churches, entertainment venues, and workplaces in the United States without the intrusion of individuals armed with assault weapons.

9. Plaintiff also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set for the in Paragraph 8(b) for the reason adjudication of the issues raised here will be dispositive of the claims of all persons affected.

10. Plaintiff also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth in Paragraph 8 for the reason questions of law common to the class predominate over the claims of individual class members.

11. The claims of Plaintiff are typical of the claims of the Class.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no conflicts with any other Class Member, and has retained competent counsel experienced in class action litigation.

12. Common questions of law and fact exist.  Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class.

13. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein.  A class action provides an efficient method whereby enforcement of the rights of Plaintiff and Defendants can be fairly managed.

14. Plaintiff also brings this as a Defendants class action inasmuch as Defendants have acted on grounds that generally apply to the class and the named Defendants are adequate representatives of the Class.

## COUNT I: RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT

15. At all relevant times, there was in full force and effect in the United States of America, a certain statute, namely, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § § 1961 *et seq.*

16. At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. § § 1341 and 1343.

17.  At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. §§1341 and 1343.

## COUNT II. RACKETEERING ENTERPRISE

18. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

19. A racketeering enterprise exists among the Defendants to unlawfully place weapons meant to operate in military environments, into the hands of civilians under the pretext of sports and amusement weaponry. The enterprise operates through all Defendants. Defendants combined, conspired, confederated and agreed with each other and with others known and unknown to Plaintiff to devise and intend to devise a scheme and artifice to increase profits by the misrepresentation of the purpose of assault weapon by means of false and fraudulent pretenses, representations, and promises by causing signals and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice, as set forth herein. The enterprise has an organizational structure and policies designed to accomplish the following goals:

   a) The first goal of the racketeering enterprise is to manufacture a facially legal weapon, to conduct a business scheme to reap profits by exposing the public to danger posed by these weapons;

   b) The second goal of the racketeering enterprise is to increasing profits by misrepresenting the purpose of assault weapons.

   c) The third goal of the racketeering enterprise is to enter into a contract for the sale of assault weapons with persons who intend to commit terrorist acts.

   d) The fourth goal of the racketeering enterprise is to use the funds obtained to enrich shareholders or owners and to circumvent federal laws against terrorism.

20. The enterprise has a history of involvement within Ohio, Texas and throughout the United States.

21. The enterprise is engaged in interstate commerce and its activities have a substantial effect on interstate commerce as follows:

   a) The enterprise receives money through the mails and wires unlawfully from purchasers and deposits that money into financial institutions engaged in interstate commerce.

    b) The Defendants enterprises utilized the means of the internet, telephone calls, and mail in the regular course of business to communicate among themselves, to obtain the transfer of funds from buyers.

## COUNT III: FEDERAL RICO VIOLATION

22. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

23. Defendants, individually and collectively, through their control of the enterprise, violated 18 U.S.C.A. § 1962(c) by conducting the enterprise's affairs through a pattern of racketeering activity as defined in 18 U.S.C.A. § 1961(1)(B) consisting of numerous acts of mail and wire fraud in violation of 18 U.S.C.A. §§1341 and 1343.

24. Specifically, Defendants committed the following predicate acts: Defendants placed weapons manufactured to kill people into the hands of persons known to be mentally disturbed or intent on committing horrific acts.

25. Defendants' predicate acts were continuous in that they began in the 1940's and continue until today. The public at large is in danger of Defendants' continued pattern of corrupt activities.

26. Plaintiff has been damaged by Defendants' violation of the federal RICO statute, and is entitled to an injunction under 18 U.S.C. §1964 for violation of civil rights.

## COUNT IV: INTENTIONAL MISREPRESENTATION

27. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

28. Defendants intentionally misrepresented the purpose of these weapons.

29. Plaintiff relied upon this representation by operating an entertainment venue that should not be subject to a mass assault weapon attack.

30. Defendants were aware when they stated that the purpose of their weapon that the weapons could be used to commit terrorist acts.  Defendants with wanton disregard for Plaintiff's interests and malice intentionally misled Plaintiff and thereby have caused damage to Plaintiff

for which Defendants are liable in compensatory and punitive damages, interests, costs and attorneys fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

a)  An immediate order with temporary restraint and a preliminary injunction that precludes defendants from the sale or distribution of the weapons at Exhibit A;

b)  A declaration that the weapons at Exhibit A may not be sold to civilians;

c)  A permanent injunction enjoining the sale or distribution of assault weapons other than to military and law enforcement establishments; and

d)  Such other relief, both legal and equitable, as is reasonable and just.

Respectfully submitted,

s/Thomas D. Lambros
Thomas D. Lambros
9200 S. Hills Blvd. Suite 300
Cleveland, OH 44147
Telephone:  440-838-7600
tdlambros@gmail.com

and

PERCY SQUIRE (0022010)
PERCY SQUIRE CO., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
Telephone: (614) 224-6528
Facsimile: (614) 224-6529
psquire@sp-lawfirm.com
Counsels for Plaintiff