UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PRIMUS GROUP, LLC,

    Plaintiff,

v.

SMITH & WESSON CORP., *et al.*,

    Defendant.

Case No. 2:19-cv-3450
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the *Motion to Dismiss* (ECF No. 30) filed by Defendants Smith & Wesson Corp.; Remington Arms Company, LLC; Sig Sauer, Inc.; Sturm, Ruger & Company, Inc.; Colt's Manufacturing Company, LLC; and Armalite (collectively "Defendants"). After Defendants filed their *Motion to Dismiss*, Plaintiff Primus Group, LLC filed its *Amended Complaint* (ECF No. 31) and *Response in Opposition* (ECF No. 32). Defendants then filed their *Reply* (ECF No. 34). This matter is thus ripe for review. For the reasons stated below, the Court **GRANTS** Defendants' *Motion to Dismiss*, thereby **DISMISSING with PREJUDICE** Plaintiff's Amended Complaint.

### I.

Plaintiff is a limited liability company that operates as an entertainment venue in the central business district of Columbus, Ohio. On August 8, 2019, Plaintiff filed its *Complaint and Emergency Application for Injunctive Relief* (ECF No. 1). Plaintiff asserts racketeering and intentional misrepresentation claims on behalf of a class against Defendants. Defendants manufacture firearms referred to as "assault weapons." (Pl.'s Compl. at ¶ 5.) Plaintiff further asserts:

> [This case] is brought to this Court on behalf of all citizens, persons and inhabitants of the United States of America who seek a Declaration of the existence of a "clear and present danger" to the lives of all people living in the United States because of the persistent killing and wounding of countless persons, most recently in Texas and the Southern District of Ohio, with the use of assault weapons.

(*Id.* at 3.)

On September 3, 2019, Defendants moved the Court to dismiss Plaintiff's Complaint with prejudice on various grounds, including: respect for the separation of powers, Defendants' entitlement to statutory immunity, Plaintiff's failure to state a claim, and Plaintiff's lack of standing.

Plaintiff then filed its Amended Complaint on September 16, 2019, adding claims of public nuisance,[1] negligent design, and failure-to warn. (*See generally* Pl.'s Am. Compl.) Concomitantly, Plaintiff filed a Memorandum in Opposition requesting that the Court "deny the motion to dismiss for the reason Plaintiff has filed an Amended Complaint that traverses and supersedes all arguments within the motion to dismiss rendering it moot." (Pl.'s Memo. in Opp. at 1.) According to Plaintiff, "[i]t is well-settled that an amended complaint supersedes the original complaint." (*Id.* (citing *Yates v. Applied Performance Tech., Inc.*, 205 F.R.D. 497, 499–500 (S.D. Ohio 2002))). Plaintiff acknowledges an exception to this rule. When a defect raised in a motion to dismiss remains in an amended pleading, a court may consider the original motion as addressing the new pleading. (*See id.*; *see also Campinha-Bacote v. Hudson*, 627 F. App'x 508, 510 (6th Cir. 2015)).

---

[1] When a person other than the prosecuting attorney; village solicitor; city director of law, or other similar chief legal officer of the municipal corporation institutes an action in Ohio to abate a nuisance, the complainant must "execute a bond in the sum of not less than five hundred dollars, to the defendant, with good and sufficient surety . . . to secure to the defendant any damages the defendant may sustain . . .if the action is wrongfully brought . . ." O.R.C. § 3767.03. Plaintiffs have not met this requirement.

2

In their Reply, Defendants assert that the exception Plaintiff acknowledged applies because the various grounds for dismissal found in Plaintiff's Complaint persist in the Amended Complaint. Defendants also argue that because Plaintiff's Amended Complaint and Memorandum in Opposition did not adequately respond to the Motion to Dismiss, the Court should grant their Motion to Dismiss. Defendant's arguments are well taken, particularly in regard to Plaintiff's lack of standing.[2] Accordingly, the Court will apply the arguments in Defendants' Motion to Dismiss to Plaintiff's Amended Complaint.[3]

## II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of actions that fail to show subject-matter jurisdiction. "The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). "[F]ederal Courts, being courts of limited jurisdiction,

---

[2] In Plaintiff's Amended Complaint, Plaintiff mentions standing *in toto*, as follows:

> Plaintiff has standing to bring an action for the assault weapon public nuisance created by defendants. Plaintiff has standing to recover damages incurred as a result of Defendants' actions and omissions. Plaintiff has standing to bring all claims pled herein, including, *inter alia*, to bring claims under the federal Racketeer Influenced and Corrupt Organizations Act statute, pursuant to 18 U.S.C. § 1961(3) ("person[s]" include entities which can hold legal title to property) and 18 U.S.C. § 1964 ("person[s]" have standing).

(Pl.'s Am. Compl. at ¶ 25.) Plaintiff does not address standing in its Memorandum in Opposition and has not moved the Court for leave to file a surreply.

[3] Defendants' brought this motion under Federal Rule of Civil Procedure 12(b)(6.) A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1) since "standing is thought of as a jurisdictional matter, and a plaintiff's lack of standing is said to deprive the court of jurisdiction." *Ward v. Alt. Health Delivery Sys., Inc.* 261 F.3d 624, 626 (6th Cir. 2001).

must examine their subject-matter jurisdiction throughout the pendency of *every* matter before them." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 (6th Cir. 1996) (citations omitted; emphasis in original). The plaintiff has the burden of establishing the court's jurisdiction. *See Roger v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

## III.

The judicial power of the United States is limited to actual "cases" and "controversies." U.S. Const. art. III § 2, cl. 1. "The Supreme Court has provided standing requirements that limit federal court jurisdiction to actual controversies so that the judicial system is not transformed into a 'vehicle for the vindication of the value of interests of concerned bystanders.'" *Coyne ex rel. v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citing *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982).

Article III standing is a threshold question in every federal case and "determin[es] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The fact that Plaintiff seeks to proceed with its claims on a class basis does not change the fundamental requirement of standing. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) (noting that the fact "[t]hat a suit may be a class action . . .adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (quotation marks and citations omitted). "It is well settled that, at the outset of litigation, class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer." *Rosen v. Tennessee Comm'r of Fin. and Admin.*, 288 F.3d 918, 928 (6th Cir. 2002) (citing *Warth*, 422 U.S. at 501).

4

To establish standing, a plaintiff must demonstrate three elements: an injury-in-fact, a causal connection between the injury and the conduct complained of, and the likely redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements and must plead the components with specificity. *Coyne ex rel.*, 188 F.3d at 494. Defendants contend that Primus cannot satisfy any of these elements. The Court agrees.

### A. Injury-in-Fact

First, in order for litigants to have standing to sue in their own right, they "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560–61 (citations and quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing" an injury-in-fact. *Id.* at 561.

Plaintiff claims generally to have been "injured" and "damaged" as a result of the Defendants' conduct. (Pl.'s Am. Compl. at ¶¶ 219, 225.) Plaintiff describes the Defendants' conduct as creating a risk of mass casualty events of the type and severity as recently occurring in El Paso, Texas; Dayton, Ohio; and Brooklyn, New York. (*Id.* at ¶ 146.) Plaintiff claims Defendants' created this risk with knowledge of: (i) American civilians' poor track record of securing weapons; (ii) the unreasonably high risk of mass shootings inflicting maximum causalities before law enforcement can intervene; (iii) the utility of assault weapons as negligible for hunting, sporting, and self-defense, as opposed to the use in an assaultive nature; (iv) the likelihood of the weapons inflicting multiple casualties and serious injury; (v) assault weapons sold in the civilian market would lead to individuals unfit to operate these weapons gaining access to them; and (vi) the ease of designing differing versions that do not accept large capacity

5

magazines, rejected by Defendants. (*Id.* at ¶¶ 131, 145, 147, 149, 150.) In sum, Plaintiff claims Defendants' are selling assault rifles in a manner that foreseeably poses an immediate risk to public health, wealth, and safety. (*Id.* at ¶¶ 152, 155.)

Plaintiff contends that it is injured by the prospect of a mass shooting at its business. Further, as an entertainment venue, Plaintiff asserts that it has lost some of its market share because of the public hysteria over the threat of mass shootings. (Pl.'s Am. Compl. at ¶¶ 4.) Plaintiff also avers that as a result it has taken heightened security measures which have increased its costs. (*Id.*; *see also* ¶¶ 164, 171, 178, 182, 187.)

Defendants contend that "[t]here is no alleged factual basis on which the Court can conclude that Plaintiff—in contrast with any other business or individual—is likely to be the victim of imminent criminal firearms violence." (Defs.' Mot. to Dismiss at 21.) The Court agrees.

a. **Concrete and Particularized**

Plaintiff's claimed injuries are not concrete or particularized and are instead a set of generalized grievances. Federal courts refrain from deciding cases in which the plaintiff claims a generalized grievance for without such limitation "the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions." *Warth v. Seldin*, 422 U.S. 490, 500 (1975); *see also Lujan*, 504 U.S. at 559–60 (noting that "the Constitution's central mechanism of separation of powers depends largely upon common understanding of what activities are appropriate to legislatures, to executives, and to courts."). Here, the injuries Plaintiff claims are those felt by a large class of citizens of the United States. Even if certain types of weapons should be banned, "the proper means of implementing such a prohibition is through the legislature not the courts." *Caveny v. Raven Arms, Co.*, 665 F. Supp. 530, 535 (S.D. Ohio 1987); *aff'd* 849 F.2d 608 (6th Cir.

1998). This is because "[l]egislatures, in contrast to courts, can consider all of the competing policy interests as well as the public will." *Id.* The Southern District of Ohio has previously noted "we decline to engage in the judicial legislation of gun control measures." *Id.* Plaintiff's generalized grievances related to the harm from Defendants' knowledge and actions regarding assault weapons do not provide the basis for an injury in fact which would satisfy the first required element for standing. Likewise, an injury "must actually exist" to be concrete. *Spokeo Inc., v. Robins*, 136 S. Ct. 1540, 1548 (2016).

### b. Actual or Imminent

In addition, these claimed injuries are not actual or imminent, but rather are hypothetical. Plaintiff has not provided a factual basis to support the conclusion that the business is likely to be the victim of imminent criminal firearms violence, such as the mass shootings in El Paso, Dayton, or Brooklyn, as opposed to any other individual, business, or household. Notably, past wrongs do not amount to a real and immediate threat of injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (finding that a plaintiff injured by a police chokehold lacked standing to obtain injunctive relief barring the use of chokeholds because he could not establish a real and immediate future threat of being subject to another chokehold). The past wrongs Plaintiff mentions do not amount to a real and immediate threat of injury to Plaintiff, who has not claimed to have been victimized by any gun violence.

In conclusion, Plaintiff's alleged injuries are neither concrete and particularized nor actual or immediate. Accordingly, Plaintiff has failed to establish that it has suffered an injury-in-fact.[4]

---

[4] In order to bring a claim for racketeering under the Racketeer Influenced and Corrupt Organizations Act, Plaintiff "must show that illegal racketeering activities 'injured [them] in [their] business or property.'" *Wall v. Mich. Rental et al.*, 852 F.3d 492, 495 (6th Cir. 2017) (citing 18 U.S.C. § 1964(c)). "In the absence of any injury of any kind, the plaintiffs cannot show an injury

7

Because Plaintiff has not established an injury-in-fact the Court need not address the causation or redressability requirements of standing.

## IV.

For the reasons set forth above, the Court **GRANTS** Defendant's *Motion to Dismiss* in accordance with this Opinion and Order. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

10-9-2019
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

within the meaning of the [RICO] statute." *Id.* at 492–96. Plaintiff's claim under RICO thus also fails for lack of standing.